ZAINEY, J.
FEBRUARY 15, 2006


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ST. PAUL FIRE & MARINE INS. CO.                    CIVIL ACTION


VERSUS                                             NO. 04-3492


WHITNEY HOLDING CORP. D/B/A                        SECTION "A"(4)
WHITNEY NATIONAL BANK


ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 18)** filed by defendant and counterclaimant Whitney National Bank.  Plaintiff, St. Paul Fire & Marine Insurance Co., opposes the motion.  The motion, set for hearing on February 8, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

I.    BACKGROUND

Plaintiff, St. Paul Fire & Marine Insurance Co. ("St. Paul"), filed this declaratory judgment action seeking a determination that it has no liability under the terms of a hull

1

Policy issued to James Ngoc Nguyen.  Nguyen was the owner of the commercial fishing vessel F/V MISS MARLENE and St. Paul issued its Hull and Machinery Policy to Nguyen for the period September 22, 2004, to September 22, 2005.  Whitney held a preferred ship mortgage covering the vessel securing a debt of approximately $260,000.  On or about October 21, 2004, the vessel sustained damage while moored at a dock in Dulac, Louisiana.  Whitney has given notice to St. Paul of its claim for the damage to the MISS MARLENE.

## II.   DISCUSSION

### A.    The Parties' Contentions

Whitney moves for partial summary judgment solely on the issue of whether it is an "insured" on the hull policy.  Whitney contends that in the section entitled "Breach of Warranty," the policy contains a union or standard mortgage clause pursuant to Ingersoll-Rand Corp. v. Employers Ins. of Wausau, 771 F.2d 910 (5th Cir. 1985), and May v. Market Ins. Co., 387 So. 2d 1081 (La. 1980).  Whitney contends that the mortgage clause entitles it to the status of an "insured" as opposed to a mere "loss payee" because with a standard mortgage clause the mortgagee is a direct insured of the insurer just as if the mortgagee had procured a separate contract of insurance naming itself as an insured.

 In opposition, St. Paul argues that the Breach of Warranty endorsement is irrelevant under the facts because no warranty was breached that might trigger the clause to be invoked.  Moreover, St. Paul contends that under the facts the Breach of Warranty

endorsement can offer no relief to Whitney because Nguyen walked
off of the vessel on July 30, 2004, which constituted a change in
ownership.  According to St. Paul the policy is void by its own
terms when there is any change of management or charter of the
vessel without St. Paul's written consent.

     As further evidence of Whitney's status as a loss payee, St.
Paul points out that Caterpillar Financial is specifically listed
on the policy as an additional assured whereas Whitney appears
only in the section indicated that losses, if any, are payable to
the assured and Whitney.  St. Paul also contends Nguyen made a
material misrepresentation on the Vessel Application because he
had abandoned the vessel as of July 30, 2004.  Thus, according to
St. Paul, the policy was void at its inception and no subsequent
acts could trigger coverage.  Further, if Whitney is an
additional insured then it would be the party exercising the
material misrepresentation on the application.[1]

     In reply, Whitney argues that St. Paul has raised issues or
defenses in opposition to the motion for partial summary judgment
that were not raised in its complaint.  Whitney contends that St.
Paul has submitted no proof that ownership of the MISS MARLENE
changed in any way or how Nguyen's alleged abandonment of the
vessel would be the legal equivalent of a change in ownership so

---

     [1] At page 12 of its memorandum St. Paul refers in passing to
Whitney's attempts to have the damages fall under the September
22, 2004, policy as opposed to a previous policy.  The Court has
read St. Paul's argument on this point numerous times and cannot
make sense of it under these facts.

as to defeat Whitney's claim pursuant to the standard mortgage
clause.

### B.    Law and Analysis

In Ingersoll-Rand, the mortgagee sued the hull insurer of a
vessel for damages incurred due to the theft of the vessel.  The
policy at issue covered only named perils which did not include
theft.  The insurer denied coverage arguing that the mortgagee
could not recover for a risk not covered by the insuring
agreement between the owner-mortgager and the insured.  The Fifth
Circuit concluded that the policy contained a "standard" mortgage
clause and affirmed the district court's judgment in favor of the
mortgagee.  771 F.2d at 911.  The Fifth Circuit found that the
standard mortgage clause not only made the mortgagee an
additional loss payee with regard to the vessel, but via the
standard mortgage clause had created a separate contract of
insurance between the insurer and the mortgagee, the terms of
which provided that the interest of the mortgagee shall not be
impaired "by any act of or omission or neglect" of the mortgagor-
owner.[2]  Id. at 912.

---

[2] The mortgage clause in Ingersoll-Rand read as follows:

> [T]he interest of the mortgagee shall not be impaired or
> invalidated by any act of or omission or neglect of the
> mortgagor, owner, master, agent, crew, of the vessel(s)
> insured by this Policy or by any failure to comply with
> any warranty or condition over which the mortgagee had no
> control or over which the mortgagee could, but has not
> exercised such control, or by any change in the title,
> ownership, or management of such vessel(s) . . . .

771 F.2d at 913.

In its opinion, the Fifth Circuit distinguished a "standard" or "union" mortgage clause from a "simple" or "open" mortgage clause.  A simple mortgage clause simply provides that the proceeds of the policy shall first be paid to the mortgagee as his interest appears, but it does not provide a separate undertaking that the mortgagee's interest shall not be impaired by any act or neglect of the insured-mortgagor.  Ingersoll-Rand, 771 F.2d at 913 n.3.  A simple mortgage clause makes the mortgagee an appointee as to the insurance fund but it gives no greater right of recovery to the mortgagee than that of the mortgagor-insured.  Id.

In contrast, a policy that contains a standard or union mortgage clause creates in substance two contracts of insurance-- one with the mortgagee and the other with the mortgagor.  Id. at 913.  Under a standard mortgage clause the mortgagee may recover for the loss of the insured property (up to the amount of his debt) despite a policy defense against the mortgagor-insured himself, where the fault or neglect of the latter has occasioned the loss to the detriment of the interest of an insured mortgagee.  Id. at 913.  The standard mortgage clause constitutes an independent or separate contract between the mortgagee and the insurer covering the mortgagee's insurable interest in addition to the property.  Id. (quoting Don Chapman Motor Sales, Inc. v. Nat'l Sav. Ins. Co., 626 S.W.2d 592, 597 (Tex. App. 1982)).  The scope of the contract between the mortgagee and the insurer is defined by the terms of the mortgage clause, and the

5

enforceability of the contract is affected only by the acts of
the mortgagee itself.  Id. at 913-14.

Turning to the policy at issue here, the mortgage clause is
undoubtedly a standard mortgage clause under Ingersoll-Rand.  The
mortgage clause appears and reads as follows:

**BREACH OF WARRANTY:**

The interest of WHITNEY NATIONAL BANK   , not to exceed
$260,000.00   , shall not be impaired or invalidated by
any failure to comply with any warranty or condition over
which the mortgagee has no control, other than a change
in title or ownership of the vessel.  The foregoing,
however, shall in no event be construed to enlarge the
nature, scope or number of perils insured against by the
policy of insurance to which this endorsement is
attached.

In the event of a claim having been made by the mortgagee
under the terms of this endorsement, the mortgage on the
vessel named herein and the note attached thereto shall
be assigned to this insurer upon demand, provided the
principal balance due the mortgagee has first been
satisfied by the insurer.

$   260,00.00     @ CHG = $     INCLUDED

Whitney Exh. No. 1.  Pursuant to this mortgage clause Whitney's
interest in the vessel cannot be impaired when any warranty or
condition in the policy (other than a change in title or
ownership) is violated without its complicity.  In other words,
in some situations Whitney can recover under this policy even
where Nguyen, as owner-mortgagor, might be precluded from
recovery.  Because the policy gives Whitney recovery rights
separate and distinct from those given to the mortgagor, the
breach of warranty clause quoted above is a standard mortgage
clause.

The Court's conclusion is bolstered by paragraph 2 of the endorsement which makes express reference to a claim "made by the mortgagee under the terms of this endorsement."  Certainly, if Whitney were a mere loss payee under the policy it would have no rights of its own to assert under the breach of warranty endorsement.  Moreover, the declarations page of the policy lists $300,000 and $260,000 as separate insured amounts under the hull policy, both for a single premium price of $9,765.00.  If Whitney were merely a loss payee on Nguyen's policy there would have been no need to separately list Whitney's interest in the vessel on the declarations page.  The clear import of listing both coverages is that two mutually exclusive contracts of insurance are involved here--the first being a $300,000 policy covering Nguyen's interest in the vessel on which Whitney is a loss payee, and a second being a $260,000 policy covering Whitney's interest in the vessel in *certain* situations where Nguyen could not recover due to some warranty or condition of the policy being breached.

St. Paul has correctly observed that the mortgage clause in its policy is not as broad as the clause in Ingersoll-Rand.  For instance, St. Paul's mortgage clause does not cover Whitney for perils not covered by the hull policy itself even if the damage results from Nguyen's conduct.  However, where damage results from a covered peril, Whitney can recover even where Nguyen might be precluded from recovering due to his own acts of omissions.  Further, St. Paul's mortgage clause, unlike the one in Ingersoll-

7

Rand, expressly excludes coverage for Whitney where a change in title or ownership of the vessel occurs.  While these limitations serve to narrow the scope of St. Paul's mortgage clause, they do not change its characterization from standard to simple.

Finally, the Court finds no merit to St. Paul's contention that the mortgage clause affords Whitney no rights as an insured merely because Whitney is not expressly named in the additional assured clause.  The terms of the mortgage clause clearly give Whitney some rights as an insured and the absence of Whitney's name elsewhere in the policy is insufficient to deprive Whitney of coverage.

In sum, the Court finds that Whitney is entitled to additional assured status insofar as the damages sustained by the vessel were caused by a covered peril, and insofar as no change in title or ownership of the vessel occurred.  The issue of whether the MISS MARLENE sustained damages due to a covered peril is not currently before the Court.  Further, while St. Paul has vigorously argued that Nguyen abandoned the vessel the Court has insufficient evidence before it to concur in such an assertion, much less legal authority to support the contention that any such abandonment would constitute a change in ownership.  As with many of the arguments that St. Paul raised in opposition to Whitney's motion, the "change in ownership" issue impacts whether Whitney can ultimately recover under the policy but it does not affect the narrow legal issue of whether the mortgage clause affords Whitney additional assured status.  Consequently, the Court holds

today that *subject to the express limitations of the mortgage clause*, Whitney is entitled to additional assured status.

Accordingly;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 18)** filed by defendant and counterclaimant Whitney National Bank should be and is hereby **GRANTED**.

* * * * * * * * * *